IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILD HORSE FREEDOM FEDERATION, 14910 Wildwood Circle Magnolia, Texas 77354<br><br>Plaintiff,<br><br>v.<br><br>BUREAU OF LAND MANAGEMENT, 1849 C Street, N.W. Washington, DC 20240<br><br>Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>) Case No: 17-2349<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

## I.  INTRODUCTION

1.  Plaintiff, Wild Horse Freedom Federation ("Plaintiff"), brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq*., by Defendant Bureau of Land Management ("BLM" or "Defendant"), in failing to provide Plaintiff with all non-exempt records responsive to its August 14, 2017 FOIA request submitted to this federal agency, seeking agency records pertaining to the two most recent signed agreements between BLM and an organization identified as the Mustang Heritage Foundation.

## II. JURISDICTION

2.  This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3.  Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4.  Plaintiff, Wild Horse Freedom Federation, is a non-profit public interest organization that, at all times relevant herein, has been headquartered in Magnolia, Texas.

5.   Defendant, Bureau of Land Management, is a federal agency of the United States, and as such, is subject to FOIA, pursuant to 5 U.S.C. § 552(f).

## V.  LEGAL FRAMEWORK OF FOIA

6.  FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7.  FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of  "unusual circumstances" meriting additional time for responding to the FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8.  FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to the FOIA appeal. 5 U.S.C. § 552(a)(6)(A)(ii).

9.  FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)C).

10.  FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the United States District Court to enjoin the agency from withholding agency records, and to order the production of any agency records improperly withheld from the complainant.

11.  Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12.  Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action.  5 U.S.C. § 552(a)(4)(E).

## VI.  FACTUAL ALLEGATIONS

13.  On or about August 14, 2017, Plaintiff sent a FOIA request to the National Operations Center (NOC) of the Bureau of Land Management ("BLM"), seeking agency

records pertaining to the two most recent signed agreements between the BLM and an organization identified as the Mustang Heritage Foundation.

14. On or about August 14, 2017, Defendant sent an email to Plaintiff, acknowledging the agency's receipt of Plaintiff's FOIA request described in the paragraph above, and assigning this record request as "BLM-2017-00931."

15. On or about August 18, 2017 Defendant BLM sent an email to Plaintiff stating that their August 14, 2017 FOIA request was being reassigned to the BLM's Washington Office, which would thereafter be processing the agency's response to this FOIA request.

16. On or about August 29, 2017, Defendant sent an email to Plaintiff, indicating that the agency was assigning a new control number -"BLM- 2017-00994" - to Plaintiff's August 14, 2017 FOIA Request.

17. On or about September 12, 2017, Plaintiff sent an email to Defendant BLM, requesting an estimated completion date for BLM FOIA 2017-00994.

18. On or about October 15, 2017 Plaintiff sent another email to Defendant BLM, requesting an estimated completion date for BLM FOIA 2017-00994.

19. As of the date of the filing of this action, Plaintiff has not received any records responsive to their August 14, 2017 FOIA request, nor any response from the agency indicating the BLM's estimated completion date for this FOIA Request.

## VII. CLAIMS FOR RELIEF

20. Plaintiff realleges, as if fully set forth herein, paragraphs 1 - 19 previously set

forth herein.

21.  Defendant BLM has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for Plaintiff's August 14, 2017 FOIA request, and by failing to perform a search reasonably calculated to locate all responsive records for this FOIA request.

22.  By failing to provide Plaintiff with all non-exempt responsive record to its FOIA request, and by failing to perform a an adequate search for responsive records to this record request, Defendant BLM has denied Plaintiff's right to obtain this information, as provided by law under the Freedom of Information Act.

23.  Unless enjoined by this Court, Defendant BLM will continue to violate Plaintiff's legal rights to be provided with copies of the records it has requested in the FOIA request described in paragraph 13 above.

24.  Plaintiff is directly and adversely affected and aggrieved by Defendant BLM's failure to provide responsive records to its August 14, 2017 FOIA request described above.

25.  Plaintiff has been required to incur costs and fees in this matter.

26.  Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for

Plaintiff providing the following relief:

1.   Declare Defendant BLM has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to its August 14, 2017 FOIA request, and by failing to undertake a search reasonably calculated to locate all responsive records for this FOIA request.

2.   Direct by injunction that BLM provide Plaintiff with all non-exempt responsive records to Plaintiff's August 14, 2017 FOIA request.

3.   Grant Plaintiff's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

4.   Provide such other relief as the Court deems just and proper.

DATED: This 7th day of November, 2017.

Respectfully submitted,

/s/
Daniel J. Stotter (WI0015)
STOTTER & ASSOCIATES LLC
408 SW Monroe Ave., Ste. M210E
Corvallis, Oregon 97333
(541) 738-2601
dstotter@qwestoffice.net
**Attorney for Plaintiff**